*Kinney, Ballou & McClanahan* for defendant.

---

## RICHARD T. RICKARD *v.* KEAHONUE RICKARD.

ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED JANUARY 7, 1902.    DECIDED FEBRUARY 21, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

On the trial of a libel for divorce based on the ground of the alleged adultery of the libellee, circumstantial evidence may suffice to prove the commission of the alleged offense; but when, as under the circumstances stated in the opinion, it is not a necessary inference from the other facts shown that adultery was committed, a finding by the trial court that the main allegation of the libel was not proved, cannot be set aside on the ground that it is contrary to the evidence or unsupported by any evidence.

This is a proceeding for divorce instituted in April, 1901. The only ground upon which the prayer of the libel was based was adultery alleged to have been committed on December 1, 1900, and on divers days thereafter. The libellee in her answer denied the truth of the charge of adultery. At the close of the evidence offered by the libellant, the libellee, without offering any evidence, moved to dismiss the libel and this motion was granted. The case comes to this Court on a writ of error.

Two errors only are assigned, to wit: (1) in that the trial court held "that the libellant was guilty of connivance and did connive at the adultery of his wife and therefore should be denied a divorce," and (2) in that the trial court held "that the libellant had not sufficiently proven the adultery of the libellee." In view of our conclusion on the second point, it will be unnecessary to consider the first.

Evidence was adduced by the libellant tending to show the following: that the libellant and libellee were married in 1875 and ever since that time until December, 1900, lived together as husband and wife; that libellee is now an elderly woman; that five children were born of the marriage, of whom four were living at the date of the trial; that one Holmes, with whom the adultery is charged to have been committed, lives in a building situate a very short distance from and within view of the residence of the parties to this proceeding; that the building is two-story, the lower floor being used by Holmes as a store for the sale of general merchandise and the upper story containing his bedroom; that libellant has for a long time been a customer at said store and has there purchased goods amounting in all in value to "thousands of dollars;" that until the alleged occurrences now complained of libellant regarded Holmes as his "best friend"; that on one occasion, about two weeks prior to December 1, 1900, the libellant saw the libellee coming out of Holmes' store at about midnight; that libellant said to her at the time that he "would have no more of that nonsense" and

that she replied that "she didn't care, that in case I" (libellant) "would not look out for her, Mr. Holmes would look after her;" that the husband and wife continued to live together and had no quarrels; that on the night of Dec. 1, 1900, a moonlight night, from about 9:30 o'clock until about 10:30 o'clock libellant was under his own house on watch to see if his wife would go to Holmes' house; that at about the hour last mentioned, libellant saw a light "flash" in his own house and that a few moments later Holmes struck a match visible through the window of his bedroom and that shortly thereafter libellee walked, in her stocking feet, over to and entered Holmes' store; that at some time between 11:30 o'clock and midnight she came out of the store; that a few minutes later, at about midnight, Holmes was found in his house by the officer who arrested him; that while the libellee was in the building (what part of the building she was in, the evidence does not show) a light was burning low in Holmes' bedroom and that the window in said bedroom had no blinds or curtain or shade of any kind; and that when Holmes struck the match as above stated, libellant could plainly see him in his room.

It is contended that this was a *prima facie* showing of adultery, that, no evidence having been offered by the libellee, the trial court should have found the fact of adultery proved and granted the prayer of the bill, that the ruling that the allegations of the libel were not established was contrary to the evidence and unsupported by any evidence and that therefore a new trial must be ordered. There is no doubt that, if the trial court had found the fact of adultery as established, that finding could not have been set aside because the evidence was sufficient to support it. Circumstantial evidence may suffice to prove a charge of adultery as well as other facts in either civil or criminal cases; but while the court or the jury *may* infer the main fact from other facts proved, it is not *obliged*, in all cases, to draw such inference. So, in this case, while the trial court might properly have inferred the commission of the offense from the other facts proved and, if it had so found, its finding

would have been held supported by the evidence, still it was for it to determine, after hearing all the evidence, whether or not such inference was justifiable. The inference, while a possible one, was not a necessary one. All of the matters above stated could have occurred consistently with the woman's innocence; and if, upon all the evidence, the trial judge was not satisfied that the adultery was committed, we cannot say that he should have been so satisfied. It is well settled in this jurisdiction that the finding of the court in a divorce case is entitled to the same weight as the verdict of a jury. See, for example, *Bartlett v. Bartlett*, 13 Haw. 707, 713. Had this case been tried before a jury, it would have been error for the presiding judge, upon this evidence, to direct the jury to find the fact of the alleged adultery as proved. It would have been his duty to leave it to the jury to say whether or not the evidence satisfied them that the offense had been committed.

That the trial court said, in ruling on the motion to dismiss, that "the lying under the house waiting for the wife, to emerge and permitting her to enter" Holmes' house, was connivance, is not good ground for ordering a new trial, even though the ruling just quoted was erroneous as a matter of law. The court stated other reasons for dismissing the libel. One of them, it is apparent from the transcript of its oral decision on file, was that it was not satisfied on the evidence that the offense charged was committed.

The writ is dismissed.

*Wise & Nickeus* and *Thos. Fitch* for libellant.

*C. C. Bitting* for libellee.